IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 7:25-CR-02 (WLS-ALS) |
| JOSE GUTIERREZ-GUERRERO, | : |
| | : |
| Defendant. | : |
| | : |

### ORDER

Before the Court is the Defendant's Unopposed Motion to Continue (Doc. 18), filed on February 27, 2025. Therein, Defendant requests a continuance of the pretrial conference in this matter currently scheduled for March 5, 2025, as well as a continuance of the trial in this matter from the specially set April 2025 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that he was indicted was arraigned on February 6, 2025, and that the Federal Defenders of the Middle District of Georgia, Inc. was appointed to represent Defendant on the same day. (*Id.* ¶ 1). Defendant explains that initial discovery was provided by the Government on February 13, 2025, but that, due to technical delays, Defendant's Counsel was unable to access the discovery materials until February 26, 2025. (*Id.* ¶ 2).

Defendant contends that the requested continuance is warranted because additional time is needed for the defense to hire an interpreter to review discovery with Defendant, to prepare a defense, and to investigate, research, and discuss the Government's case with Defendant. (*Id.* ¶ 4). Defendant notes that there will be no prejudice to the Government should the Court granted the requested relief, and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Gutierrez-Guerrero in a speedy trial. (*Id.* ¶ 5).

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Therefore, Defendant's Motion

1

(Doc. 18) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division August 2025 term[1] and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the March 5, 2025 pretrial conference is **CANCELLED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of February 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that Defendant's Motion does not specify the duration of his requested continuance. (*See generally* Doc. 18). The Court's next regular Valdosta Division trial term is May 2025, which is approximately three weeks beyond the current specially set April 2025 trial term. The Court, therefore, construes the Motion as a request to continue the trial in this matter to the Court's Valdosta Division August 2025 trial term. If Defendant disagrees with the Court's interpretation and conclusion, he shall immediately file an objection, in writing, stating as much.

2